Fireman's Fund Ins. Co., Appellant, *v.* Johnston, d. b. a. Midwest Industrial Maintenance, Appellant; Bennett, Appellee.

[Cite as Fireman's Fund Ins. Co. v. Johnston, 1 Ohio App 2d 439.]

(No. 887—Decided March 4, 1965.)

*Mr. Herschel G. Holland,* for appellants.
*Messrs. Gongwer, Murray, Brown & Bemiller,* for appellee.

McLaughlin, J. This appeal on questions of law involves a question of venue and jurisdiction.

The accident giving rise to this tort case happened in Knox County. The tort-feasor lived in Licking County. The insured, whose truck was damaged, lived in Richland County. The insurer, who became a subrogee by paying off insured's damages less $50 deductible, was an out-of-state company.

In the ordinary negligence case the venue for suit is in the county where the accident happened or in the county where the tort-feasor lived.

The irregularity of this case is that the insurer-subrogee filed its subrogation suit not in Knox County and not in Licking County but in Richland County where its own insured lived, and it made the insured a party defendant. Obviously this was for the purpose of placing venue and jurisdiction in the insured's home county.

After suit was filed naming the tort-feasor and the insured as defendants, the insured filed an answer and cross-petition. The answer admits all the allegations of the insurer-subrogee's petition, then adopts and incorporates them in the insured's cross-petition against the tort-feasor. In short, the pleadings show that the insured and the insurer are united in interest and have no adverse interest.

The tort-feasor, after having his motion to quash the service of summons upon him in Licking County overruled, filed a general denial, and the case went to trial.

The trial court, knowing that there are some instances when the insured can properly be made a party defendant, allowed the insurer-subrogee plaintiff, and the insured cross-petitioner to present all their evidence. Then the trial court, *sua sponte,* dismissed the petition and cross-petition without prejudice.

This appeal on questions of law by the insurer-subrogee and the insured results.

The first assignment of error in substance claims that the dismissal without prejudice of the petition and cross-petition on the ground that the Richland County Common Pleas Court did not have jurisdiction of the person of the tort-feasor was contrary to law.

Section 2307.39, Revised Code, provides that such an action as this must be brought in the county in which *a* defendant resides or may be served. The tort-feasor did not reside in Richland County and he could not be served from there unless the insured was a proper party defendant.

There are two statutes which provide instances when the insured can be made a defendant. Section 2307.20, Revised Code, provides:

"Parties who are united in interest must be joined as plaintiffs or defendants. *If the consent of one who should be joined as plaintiff cannot be obtained,* or, he is insane, and the consent of his guardian is not obtainable, or he has no guardian, *and that fact is stated in the petition,* he may be made a defendant." (Emphasis added.)

The pleadings and the evidence show no adverse interest but do show that the insurer-subrogee and the insured are united in interest. Therefore, under this section, they must be

joined as coplaintiffs, unless it is pleaded and shown that the insured's consent to be joined as plaintiff could not be obtained. This was not done. Actually the pleadings and the evidence show contra as a matter of law. The insurer-subrogee and the insured were represented by the same counsel in the pleadings, in the partial trial and in this appeal. The subrogation receipt signed by the insured pledged to the insurer "all possible assistance in any endeavor to recover * * *." Also, if the insured had joined as a coplaintiff there would be no venue in Richland County because the tort-feasor did not live there and could not be summoned from there. See Section 2307.39, Revised Code.

It is, therefore, our opinion that the attempt under Section 2307.20, Revised Code, to make the insured *a* party defendant was irregular, improper, a subterfuge, a collusive arrangement, contrary to law and void.

The other statute under which the appellants claim the right and authority to make the insured a defendant to be served in Richland County, and thereby to have the tort-feasor summoned from Richland County, is Section 2307.19, Revised Code, which provides:

"*Any* person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

The pleadings and the evidence here show no adverse interest as a matter of law. There remains only the question, Was the insured in this case a necessary party to a complete determination or settlement of a question involved therein?

The Supreme Court has held in *Hoosier Casualty Co.* v. *Davis,* 172 Ohio St. 5, that a tort-feasor can require that the insured and the insurer be joined.

At page 9, Judge Bell's opinion reads:

"It is perhaps desirable, to the end of minimizing litigation, that insured and insurer join in bringing one action to recover both the deductible and nondeductible portions of property damage. *But it is not necessary to do so, although such joinder may be required upon motion of the tort-feasor. * * *"* (Emphasis added.)

It is, therefore, our opinion that the attempt of the insurer-

442

subrogee to make the insured a party defendant under Section 2307.19, Revised Code, as a necessary party, was contrary to law and void.

The first assignment of error is overruled.

The second assignment of error, that of failure to grant a new trial to appellants, is overruled.

It follows from what has been said that the judgment of the trial court dismissing the petition of the insurer-subrogee and the cross-petition of the insured without prejudice must be affirmed.

*Judgment affirmed.*

RUTHERFORD, P. J., and VAN NOSTRAN, J., concur.